UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DIVERSIFIED MEDIA BROKERAGE  :
PARTNERS d/b/a DMB,  :
 :
                                Plaintiff,  :     **MEMORANDUM & ORDER**
 :
                -against-  :     07-CV-4285 (ENV) (VVP)
 :
UPSCALE COMMUNICATIONS, INC. d/b/a  :
UPSCALE MAGAZINE,  :
 :
                               Defendant.  :
----------------------------------------------------------------x

**VITALIANO, D.J.**

      Plaintiff Diversified Media Brokerage Partners ("DMB") brings this action to recover compensation for work they allegedly performed as an advertising sales representative for defendant Upscale Communications, Inc. ("Upscale"), the publisher of Upscale Magazine. DMB's amended complaint pleads actions sounding in breach of contract and quantum meruit. Upscale moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is granted to the extent that the contract claim is dismissed, but is otherwise denied.

      A breach of contact claim must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996). Here, the subject contract, as construed by the Court, expired on October 1, 2004, and the alleged "breach" occurred after expiration.

      In interpreting a contract, a court's first inquiry is whether the relevant terms are

1

ambiguous or unambiguous. Under New York law,[1] "'if an agreement is complete, clear and unambiguous on its face, it must be enforced according to the plain meaning of its terms' . . . and a breach of contract claim may be dismissed on a Rule 12(b)(6) motion." Wurtsbaugh v. Banc of America Securities LLC, No. 05 Civ. 6220, 2006 WL 1683416, at *5 (S.D.N.Y. Jun. 20, 2006) (quoting Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004)) (internal citation omitted).

The language of the 2002 agreement subject to suit is clear and unambiguous: the deal was "to cover a two-year period; October 1, 2002 to October 1, 2004 or until such time as **DMB or Upscale Magazine** shall terminate it with a written notice." DMB argues that this language created an open-ended contract that continued until terminated. The Court finds that DMB's interpretation is not supported by the words of the agreement. Indeed, DMB's interpretation would make the "two-year period" clause and "October 1, 2004" end date superfluous and essentially meaningless, a result the Court shall avoid. See Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992) ("Under New York law an interpretation of a contract that has 'the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible.'") (quoting Garza v. Marine Transport Lines, Inc., 861 F.2d 23, 27 (2d Cir. 1988)). Clearly, the language was designed to permit an early termination of the agreement; it says nothing about renewals or extensions. The Court consequently concludes as a matter of law that the contract between the parties expired on October 1, 2004. Since the alleged breach occurred after that date, DMB's contract claim fails to state a claim for which relief may be granted. It must be, and hereby is, dismissed.

---

[1] Both parties rely on New York law, apparently agreeing that it controls.

DMB does, however, sufficiently plead a claim for quantum meruit. A quantum meruit claim must allege that "(1) plaintiff rendered services to defendant; (2) defendant accepted those services; (3) plaintiff expected compensation; and (4) the reasonable value of the services." GSGSB, Inc. v. New York Yankees, 862 F.Supp. 1160, 1170 (S.D.N.Y. 1994) (citations omitted). DMB's amended complaint and incorporated documents contain a sufficient factual basis for the quantum meruit claim to survive dismissal. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim" the court may consider "documents attached to the complaint as exhibits or incorporated in the complaint by reference.") Upscale argues that DMB's expectation of compensation was unreasonable and that no benefit was conferred on Upscale, but these are factual issues that bar Rule 12 dismissal.

For all of the foregoing reasons, Upscale's motion to dismiss is granted to the extent that DMB's breach of contract claim is dismissed with prejudice. The balance of the motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 2, 2010

ERIC N. VITALIANO
United States District Judge